**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL ASH<br>5187 Marietta Road<br>Chillicothe, Ohio 45601, | ) ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| THE KROGER CO. | ) | |
| 1014 Vine Street | ) | **JURY DEMAND ENDORSED** |
| Cincinnati, Ohio 45202, | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| | ) | |
| THE KROGER CO. | ) | |
| c/o Corporation Service Company | ) | |
| Registered Agent | ) | |
| 3366 Riverside Drive | ) | |
| Suite 103 | ) | |
| Upper Arlington, Ohio 43221, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| CANON ANDERSON | ) | |
| c/o The Kroger Co. | ) | |
| 1014 Vine Street | ) | |
| Cincinnati, Ohio 45202, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| HEATHER JOHNSON | ) | |
| c/o The Kroger Co. | ) | |
| 1014 Vine Street | ) | |
| Cincinnati, Ohio 45202, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Michael Ash, by and through undersigned counsel, as his Complaint against Defendants The Kroger Co., Canon Anderson, and Heather Johnson, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Ash is a resident of the City of Chillicothe, Ross County, Ohio.

2. At all times herein, Ash was acting in the course and scope of his employment.

3. The Kroger Co. ("Kroger") is a domestic corporation that does business at 175 Lancaster Pike, Circleville, Ohio 43113 ("Circleville Store").

4. Kroger's discriminatory conduct against Ash took place during Ash's employment at the Circleville Store.

5. Kroger is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

6. Canon Anderson is a resident of the State of Ohio.

7. At all times herein, Anderson was acting in the course and scope of his employment.

8. Anderson is an individual who aided, abetted, or assisted in the discriminatory conduct committed by Kroger.

9. Heather Johnson is a resident of the State of Ohio.

10. At all times herein, Johnson was acting in the course and scope of his employment.

11. Johnosn is an individual who aided, abetted, or assisted in the discriminatory conduct committed by Kroger.

12. All of the material events alleged in this Complaint occurred in Pickaway County.

13. Personal jurisdiction is proper over Kroger pursuant to R.C. § 2307.382(A)(1), (3), and (4).

14. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ash is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623, *et seq.*

15. This Court has supplemental jurisdiction over Ash's state law claims pursuant to 28 U.S.C. § 1367 as Ash's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

17. Within 300 days of the conduct alleged below, Ash filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-00596 against Kroger, Anderson, and Johnson ("Ash EEOC Charge").

18. Ash dually filed the Ash EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

19. On or about October 24, 2022, the EEOC issued a Notice of Right to Sue letter to Ash regarding the Ash EEOC Charge.

20. Ash received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

21. Ash has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

22. Ash has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

23. Ash has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

24. Ash is a former employee of Kroger.

25. Ash began working for Kroger on or about June 29, 1982.

26. Ash worked for Kroger as a Store Leader.

27. Ash is 59 years old.

28. Ash was 17 years old at the time Kroger hired Ash.

29. Ash was 57 years older at the time of Kroger's termination of Ash's employment.

30. As a Store Leader, Ash was in charge of the management and operation of the Circleville Location.

31. Ash ran the Circleville Location well.

32. Upon information and belief, in mid to late 2021, Human Resources Coordinator, Heather Johnson, contacted Natasha Neal, another Store Leader, and asked Neal to replace Ash ("First Age Discrimination").

33. Johnson did not participate in the decision to hire Ash.

34. Johnson was younger than forty years of age in 2021.

35. Johnson is significantly younger than Ash.

36. Neal was younger than forty years of age in 2021.

37. Neal is significantly younger than Ash.

38. Johnson wanted Neal to replace Ash at the Circleville Location because Neal was significantly younger than Ash.

39. Prior to the First Age Discrimination, Ash and the Circleville Location received regular and frequent congratulations from Kroger upper management in regards to performance and winning Kroger's company contests.

40. After the First Age Discrimination, Canon Anderson, Ash's District Manager, stopped congratulating Ash and the Circleville Location in regard to performance and winning Kroger's company contests.

41. Anderson is significantly younger than Ash.

42. Anderson did not participate in the decision to hire Ash.

43. Ash received an award for 5.2% identical store sales increase in 2021 compared to 2020; the 13th highest increase in the division of about 120 stores and the 2nd largest in Anderson's district.

44. In or around 2021, the Circleville Location made the highest profit out of any store in Anderson's district.

45. In or around 2021, the Circleville Location had the highest rating for store associate satisfaction out of any stores in Anderson's district.

46. In or around February 2022, Anderson and Johnson told Ash that Kroger would soon put Ash on a Performance Improvement Plan ("PIP").

47. Anderson and Johnson refused to tell Ash the reason behind the PIP, except for the vague, pretextual, and false reason of "performance related issues."

48. Anderson and Johnson refused to give Ash an example of poor performance on the part of Ash or the Circleville Location.

49. On or about April 6, 2022, Ash told Anderson that Kroger was discriminating against Ash on the basis of Ash's age ("Report of Age Discrimination").

50. Kroger has a policy of investigating significant workplace issues or events.

51. The Report of Age Discrimination reported a significant workplace issue or event.

52. Pursuant to Kroger's policies, the Report of Age Discrimination should be investigated.

53. Alternatively, pursuant to Kroger's policies, the Report of Age Discrimination should not be investigated.

54. An investigation should include interviewing the complainant.

55. An investigation should include interviewing the subject of the complaint.

56. An investigation should include interviewing the subject of the reported discrimination.

57. An investigation should include interviewing witnesses to the reported discrimination.

58. An investigation should include getting a written statement from the complainant.

59. An investigation should include getting a written statement from the subject of the complaint.

60. An investigation should include getting a written statement from the subject of the reported discrimination.

5

61. In response to the Report of Age Discrimination, Defendants did not interview Ash.

62. In response to the Report of Age Discrimination, Defendants did not interview Anderson.

63. In response to the Report of Age Discrimination, Defendants did not interview Johnson.

64. In response to the Report of Age Discrimination, Defendants did not interview any witnesses.

65. In response to the Report of Age Discrimination, Defendants did not get a written statement from Ash.

66. In response to the Report of Age Discrimination, Defendants did not get a written statement from Anderson.

67. In response to the Report of Age Discrimination, Defendants did not get a written statement from Johnson.

68. In response to the Report of Age Discrimination, Defendants did not get a written statement from any witnesses.

69. In response to the Report of Age Discrimination, Defendants conducted no investigation whatsoever.

70. By failing to investigate the Report of Age Discrimination, Defendants ratified Anderson's conduct.

71. By failing to investigate the Report of Age Discrimination, Defendants ratified Johnson's conduct.

72. By failing to investigate the Report of Age Discrimination, Defendants allowed Anderson's conduct to continue.

73. By failing to investigate the Report of Age Discrimination, Defendants allowed Johnson's conduct to continue.

74. Failing to investigate the Report of Age Discrimination is an adverse action.

75. Failing to investigate the Report of Age Discrimination is an adverse employment action.

76. Defendants willfully failed to investigate the Report of Age Discrimination.

77. Defendants intentionally failed to investigate the Report of Age Discrimination.

78. In response to the Report of Age Discrimination, Defendants did not correct the age discrimination.

79. In response to the Report of Age Discrimination, Defendants did not tell Ash why they declined to correct the age discrimination.

80. In response to the Report of Age Discrimination, Defendants failed to take prompt remedial action.

81. Nutter told Ash that Ash's performance metrics "may have been good enough 15 years ago, but they aren't now." ("Nutter's Ageist Comment").

82. Nutter's Ageist Comment was age discrimination because Ash's performance metrics were as good or better than most of the younger, similarly situated Store Leaders.

83. Defendants required that Ash hold weekly meetings with every department head of the Circleville Location.

84. Ash was already holding, and had long been holding, weekly meetings with every department head of the Circleville Store.

85. The similarly situated Store Leaders of other stores who were under the age of 40 did not hold weekly meetings with their department heads.

86. The similarly situated Store Leaders of other stores who were under the age of 40 and did not hold weekly meetings with their department heads were not disciplined or put on a PIP.

87. The similarly situated Store Leaders of other stores who were under the age of 40 and did not hold weekly meetings with their department heads were not fired.

88. Anderson made a comment to Ash stating, "I thought you were going to ask me about early retirement." ("Early Retirement Comment").

89. Ash never told anyone that Ash wanted to retire early.

90. Ash did not wish to retire early.

91. Anderson's Early Retirement Comment shows that Anderson was trying to force Ash to retire.

92. On June 17, 2022, Anderson terminated Ash's employment ("Termination").

93. The Termination was retaliation for the Report of Age Discrimination.

94. The Termination was because of Ash's age.

95. The Termination was pretext for age discrimination.

96. The Termination was age discrimination.

97. The Termination was retaliation.

98. By terminating Ash's employment, Defendants made it less likely for a reasonable employee to make a report or oppose conduct like age discrimination.

99. Kroger replaced Ash with a much younger Store Leader.

100. Defendants knowingly terminated Ash's employment.

101. Defendants knowingly took adverse employment actions against Ash.

102. Defendants knowingly took an adverse action against Ash.

103. Defendants knowingly subjected Ash to a hostile work environment based on age.

104. Defendants intentionally skipped progressive disciplinary steps in terminating Ash.

105. Defendants intentionally terminated Ash's employment.

106. Defendants intentionally took adverse employment actions against Ash.

107. Defendants intentionally took adverse actions against Ash.

108. Defendants intentionally subjected Ash to a hostile work environment based on age.

109. Defendants knew that terminating Ash would cause Ash harm, including economic harm.

110. Defendants willfully terminated Ash's employment.

111. Defendants willfully took an adverse employment action against Ash.

112. Defendants willfully took an adverse action against Ash.

113. As a direct and proximate result of Defendants' conduct, Ash suffered and will continue to suffer damages.

## COUNT I: AGE DISCRIMINATION UNDER 29 U.S.C.A. § 623, *et seq.*

114. Ash restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

115. At all times relevant, Ash was a member of a statutorily-protected class under 29 U.S.C.A. § 623, *et seq.*

116. Kroger treated Ash differently from other similarly-situated employees based on his age.

117. Ash was fully qualified for his position and employment with Kroger.

118. Ash, at age 57, was a member of a statutorily-protected class under 29 U.S.C.A. § 623, *et seq.* at the time he was terminated from his employment with Kroger.

119. Ash was terminated from his employment on or around June 17, 2022.

120. After terminating Ash, Kroger replaced Ash with a person who was significantly younger and/or not belonging to the protected class under 29 U.S.C.A. § 623, *et seq.*

121. Kroger violated 29 U.S.C.A. § 623, *et seq.* by discriminating against Ash based on his age.

122. As a direct and proximate result of Defendants' conduct, Ash suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

123. Ash restates each and every prior paragraph of this complaint, as if it were fully restated herein.

124. Ash was 57 at the time of the Termination.

125. At all times relevant, Ash was a member of a statutorily-protected class under R.C. § 4112.14(B).

9

126. Kroger treated Ash differently from other similarly-situated employees based on his age.

127. Ash was fully qualified for his position and employment with Kroger.

128. Ash, at age 57, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from her employment with Kroger.

129. Ash was terminated from his employment on or around June 17, 2022.

130. After terminating Ash, Kroger replaced Ash with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

131. Kroger violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Ash based on his age.

132. As a direct and proximate result of Kroger's conduct, Ash suffered and will continue to suffer damages.

**COUNT III:  RETALIATION IN VIOLATION OF 29 U.S.C.A. § 623, *et seq.***

133. Ash restates each and every prior paragraph of this complaint, as if it were fully restated herein.

134. As a result of Kroger's discriminatory conduct described above, Ash complained about the age discrimination he was experiencing.

135. Kroger terminated Ash's employment on or about June 17, 2022.

136. Kroger terminated Ash's employment in retaliation to Ash complaining about the age discrimination he was experiencing.

137. Kroger's actions were retaliatory in nature based on Ash's opposition to the unlawful discriminatory conduct.

138. Pursuant to 29 U.S.C.A. § 623, *et seq.*, it is an unlawful discriminatory practice retaliate against employees who report age discrimination.

139. As a direct and proximate result of Kroger's conduct, Ash suffered and will continue to suffer damages.

**COUNT IV:  RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

140. Ash restates each and every prior paragraph of this complaint, as if it were fully restated herein.

141. As a result of Kroger's discriminatory conduct described above, Ash complained about the age discrimination he was experiencing.

142. Kroger's actions were retaliatory in nature based on Ash's opposition to the unlawful discriminatory conduct.

143. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

144. As a direct and proximate result of Kroger's conduct, Ash suffered and will continue to suffer damages.

**COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**
**(as against Defendants Anderson and Johnson)**

145. Ash restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

146. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

147. Anderson aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory termination of Ash.

11

148. Anderson aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory treatment of Ash.

149. Anderson violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

150. Johnson aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory termination of Ash.

151. Johnson aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory treatment of Ash.

152. Johnson violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

153. As a direct and proximate result of Defendants' conduct, Ash has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Michael Ash respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring The Kroger Co. to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

12

(iv)      Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)      Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Ash for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ash claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Gregory T. Shumaker (0095552)
Trisha M. Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4288
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
        greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Michael Ash*

13

**JURY DEMAND**

Plaintiff Michael Ash demands a trial by jury by the maximum number of jurors permitted.

Gregory T. Shumaker (0095552)
Trisha M. Breedlove (0095852)

*Attorneys for Plaintiff Michael Ash*